**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4504**

_____

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

TROY SPENCER,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge. (1:23-cr-00308-JRR-1)

_____

Submitted: September 18, 2025           Decided: September 22, 2025

_____

Before THACKER and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**ON BRIEF**: G Arthur Robbins, Chesapeake Meridian, HOULON, BERMAN, FINCI & LEVENSTEIN, LLC, Greenbelt, Maryland, for Appellant. Kelly O. Hayes, United States Attorney, David C. Bornstein, M.J. Kirsch Muñoz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Spencer pleaded guilty, pursuant to a written Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count 1), and possession of a firearm in a school zone, in violation of 18 U.S.C. § 922(q) (Count 2). The district court sentenced him to 96 months' imprisonment. On appeal, Spencer argues that the district court erred in placing disproportionate emphasis on general deterrence when determining his sentence and that his guilty plea is invalid because the statue of conviction on Count 2 is unconstitutional in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). In its response brief, the Government asserts that Spencer's claims are barred by the appellate waiver in his plea agreement. We dismiss Spencer's appeal.

"We have consistently held that appellate waivers in valid plea agreements are enforceable." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). This court reviews the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issues appealed are within the scope of the waiver. *United States v. Lubkin*, 122 F.4th 522, 526 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1910 (2025). An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. *Id.* "To determine whether a defendant knowingly and voluntarily agreed to waive his appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record

2

indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Upon review of the record, including the plea agreement and the transcript of the Rule 11 hearing, we conclude that Spencer knowingly and voluntarily entered his guilty plea and that he understood the full import of the appeal waiver.

We further conclude that Spencer's challenges to his convictions and sentence fall within the scope of the waiver. According to the plea agreement, Spencer waived his right to appeal his convictions and sentence on any ground, save for exceptions inapplicable here. Additionally, the waiver explicitly noted that Spencer was waiving his right to appeal on the ground that the statute to which he pled guilty is unconstitutional. Therefore, we conclude that Spencer's challenges fall within the scope of the waiver. *See Oliver v. United States*, 951 F.3d 841, 848 (7th Cir. 2020) (holding that "normal constitutional challenges to a statute of conviction fall comfortably within the permissible scope of valid [appellate] waivers").

Accordingly, we dismiss this appeal as barred by the appeal waiver in Spencer's plea agreement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED*